UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ENRIQUE SALAS, | Case No. 1:13-cv-00429-BAM |
| Plaintiff, | ORDER AFFIRMING AGENCY'S DENIAL OF BENEFITS AND ORDERING JUDGMENT FOR COMMISSIONER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Jesus Salas ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits (DIB) and supplemental security income (SSI) benefits pursuant to Titles II and XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe.  Having carefully considered the parties' briefs, as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record and based upon proper legal standards.  Accordingly, the Court affirms the Commissioner's determination.

## II. BACKGROUND

### A. Overview of Administrative Proceedings

On August 19, 2009, Plaintiff filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits, alleging disability beginning August 15, 2009. AR 75, 86, 187-97.[1] Plaintiff's application was denied initially and on reconsideration. AR 115-19, 126-29. Subsequently, Plaintiff requested a hearing before an ALJ. AR 130-31. In a decision dated October 31, 2011, the ALJ found that Plaintiff was not disabled. AR 9-24. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review. AR 1-8. Plaintiff then commenced this action pursuant to 42 U.S.C. §§ 405(g), 1383(c).

### B. Plaintiff's Background and Testimony

The ALJ held a hearing on October 13, 2011, in Fresno, California. AR 29-54. Plaintiff, who was represented by counsel, appeared and testified. *Id.* Plaintiff claims he suffers from a back pain and depression. AR 238-239. Plaintiff's alleged disabilities began when he suffered a work related back injury in 2001. AR 61. After Plaintiff underwent back surgery in 2002, he testified that he received a closed period of disability benefits, and subsequently went back to work until August 2009. AR 32-33. Plaintiff testified that he suffers from constant back pain that increases from lifting, bending, standing for long periods, and twisting. AR 34. Plaintiff testified that he could stand and walk for no longer than half an hour at a time due to pain. AR 35-36. In addition, Plaintiff said he suffered a bone spur in his right elbow which causes numbness, and he also experiences occasional numbness in his left hand. AR 36, 39-40.

Plaintiff is 38 years old and lives in Fresno, California. AR 22. Plaintiff has a high school education and received an Associate in Science degree. AR 22, 37-38. Plaintiff said he previously worked as an airplane mechanic and received a FAA license for airplane repairs. AR 38-39. Plaintiff also said he had owned an auto shop with his brother for about four or five years where he worked on cars, helped around the office, and took care of some of the accounting. AR 38. Plaintiff said he did the laundry, picked up his own things, cooked a little bit, sometimes made his children

---

[1] References to the Administrative Record cite to "AR," followed by the corresponding page number to the Administrative Record.

meals, and went out grocery shopping. AR 45-46. However, Plaintiff testified that he does not vacuum, sweep, do the dishes, or take out the garbage. AR 46-47. He said his sons helped clean the house and took care of the yard. AR 45-46.

Plaintiff told the ALJ he sleeps four or five hours a night because he thinks about too many different things. AR 41. Plaintiff testified that his ability to focus or pay attention is bad, and he has a hard time starting tasks because his "head doesn't stop" but he tries to finish them. AR 42-43. Plaintiff testified that he can probably lift up to twenty pounds without hurting himself, sit for about half an hour in an 8-hour workday, and stand/walk for about half an hour in an 8-hour workday. AR 47-48.

**C.     Testimony of the Vocational Expert**

A Vocational Expert ("VE") testified at the hearing. AR 49-54. The VE's relevant testimony involved a hypothetical question asked by the ALJ to determine whether Plaintiff could perform his past relevant work or other work that exists in significant numbers in the national economy. AR 50-51. The ALJ asked the VE if an individual with Plaintiff's age, education and work experience could do Plaintiff's past work if: he could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; could sit, stand, or walk for six hours out of an eight hour work day; occasionally stoop, crouch, climb ladders, ropes, and scaffolds; had to avoid exposure to extreme cold; could perform simple and repetitive tasks and maintain concentration, persistence and pace; could relate to and interact with others and adapt to usual work setting changes as well as adhere to safety rules. *Id.* The VE testified that this hypothetical individual could not do Plaintiff's past work. AR 51. The VE, however, testified that this hypothetical individual could perform jobs existing in significant numbers in the national economy, including a packing line worker, garment sorter, and ampoule filler. *Id.*

**D.     Medical Record**

The entire medical record was reviewed by the Court. The Court will reference the medical evidence to the extent it is necessary to the Court's decision.

**E.     The ALJ's Decision**

On August 8, 2013, the ALJ issued a decision finding that Plaintiff had not met his burden to show that he was disabled within the meaning of the Act.  Specifically, the ALJ made the following relevant findings:

1. Plaintiff has not engaged in substantial gainful activity since August 15, 2009, the alleged onset date (20 CFR 404.1571 and 416.971;

2. Plaintiff has the following severe impairments: depressive disorder and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c));

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926;

4. Plaintiff has the residual functional capacity ("RFC") lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and/or walk 6 hours each; occasionally climb ropes, ladders, and scaffolds; and can occasionally stoop and crouch. Plaintiff must avoid exposure to extreme cold. Plaintiff has the mental RFC to perform simple repetitive tasks; maintain attention, concentration, persistence, and pace; can relate to and interact with others; can adapt to usual work setting changes; and can adhere to safety rules (20CFR 404.1567(b) and 416.967(b));

5. Plaintiff is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

6. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a));

7. Plaintiff has not been under a disability, as defined in the Act, from August 15, 2009, through the date of the ALJ's decision (20 CFR 404.1520(g) and 416.920(g)).

### III.     STANDARD OF REVIEW

To be disabled, a claimant must have a severe medical impairment capable of lasting at least twelve months, such that in light of his medical and vocational limitations he cannot engage in either his past work or in any work existing in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3).  The claimant will be found disabled if he either satisfies all the elements of this definition or has a medical condition which is defined as disabling under the Commissioner's

"listings." *See* 20 C.F.R. 404.1520. The Commissioner prescribes the order in which the ALJ considers these factors, and instructs the ALJ to end his inquiry as soon as he reaches a dispositive finding, either in that the claimant fails to satisfy an element of disability or in that he satisfies a listing. This sequential process is intended to help ensure that determinations are uniform, administratively efficient, neutral, and carefully documented. 20 C.F.R. 404.1594(b)(5); *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999) (sequential process embodies "presumptions about disabilities, job availability, and their interrelation" which "grow out of the need to administer a large benefits system efficiently").

An individual is considered disabled for purposes of disability benefits if he is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

Congress has provided a limited scope of judicial review of the Commissioner's finding that a claimant is not disabled. This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla," *id.,* but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the Court may not substitute its judgment. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996).

## IV. DISCUSSION

Plaintiff's appeal presents two challenges to the ALJ's decision: (1) Plaintiff contends the ALJ failed to provide legally sufficient reasons for rejecting a medical consultative examiner's opinion and (2) the ALJ failed to properly evaluate Plaintiff's subjective complaints.

### A. The ALJ's Evaluation of Medical Opinion Evidence

Plaintiff argues the ALJ should have credited examining physician Dr. Libunao's opinion regarding Plaintiff's ability to return to work and his ability to manage his funds.

#### 1. Legal Standard

Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir. 1990). As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" that are supported by substantial evidence in the record reasons for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1996).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of an examining physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

### 2. Analysis

Dr. Libunao performed a psychiatric evaluation of Plaintiff on October 2, 2009 and stated the following:

> The claimant is not capable of managing his own funds. The claimant is able to perform simple and repetitive tasks. He is not able to perform detailed and complex tasks. The claimant is not able to accept instructions from supervisors or interact with coworkers and the public. The claimant cannot perform work activities on a consistent basis without special or additional instructions or arrangements. The claimant cannot maintain regular attendance in the workplace or complete a normal workday/workweek without interruptions from a psychiatric condition. The claimant cannot deal with the usual stress encountered in a competitive work[place].

AR 300. The ALJ gave the findings of Dr. Libunao "some weight." AR 19.

The ALJ first noted Dr. Libunao's assessment that Plaintiff's "problems are treatable," and "can improve in the next 12 months." *Id.* Dr. Libunao expected Plaintiff's condition to improve with treatment and did not suggest Plaintiff would be unable to return to work in the long term. Similarly, on December 14, 2009, state agency doctor, Harvey Bilik, confirmed that Plaintiff's condition would not be severe after twelve months and therefore, would not meet the durational requirement for disability benefits.    AR 315, 325. Plaintiff's subsequent improvement is documented throughout the record. For example, Plaintiff's treating physician, Dr. Sarah Morgan, maintained ongoing treatment notes demonstrating Plaintiff did, in fact, improve. AR 17, 328-32, 335, 337-38, 340-41. A plaintiff will not be found disabled if his condition is not expected to last more than 12 months. 42 U.S.C. § 423(d)(1)(A). The ALJ noted these positive assessments and considered them in evaluating Dr. Libunao's opinion. AR 19.

The ALJ also reduced the weight attached to Dr. Libunao's opinion because the limitations he placed on Plaintiff "lack bases for the most part." AR 19. An ALJ can reject a physicians' opinion if it is conclusory or contains no explanation for the findings. *See Batson*, 359 F.3d at 1195 n.3 (treating physician's opinion discounted because it was brief and conclusory with few clinical findings to support the conslusions); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected 3 psychological assessments because they contained no explanation of their conclusions). Dr. Libunao opined Plaintiff is not capable of managing his own funds, however, as the ALJ pointed out, the Dr. Libunao's treatment notes do not provide any support for such a conclusion. Moreover, Plaintiff himself reported he could manage his own funds. AR 19, 222-23.

7

The ALJ gave specific and legitimate reasons, supported by the record, for discounting Dr. Libunao's opinion.

## C. The ALJ's Evaluation of Plaintiff's Symptom Testimony

### 1. Legal Standard

In evaluating the credibility of a claimant's testimony regarding subjective complaints, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* The claimant is not required to show that her impairment "could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* If the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives "specific, clear and convincing reasons" for the rejection. *Id.* As the Ninth Circuit has explained:

> The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citations and internal quotation marks omitted); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226-27 (9th Cir. 2009); 20 C.F.R. §§ 404.1529, 416.929. Other factors the ALJ may consider include a claimant's work record and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

### 2. Analysis

Here the ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. AR 22. Therefore, absent evidence of malingering, the ALJ needed to give specific, clear and convincing reasons for rejecting Plaintiff's subjective complaints.

First, the ALJ found the objective medical evidence in the record did not support Plaintiff's subjective complaints. AR 21. Although the inconsistency of objective findings with subjective claims may not be the sole reason for rejecting subjective complaints of pain, *Light*, 119 F.3d at 792, it is one factor which may be considered with others. *Moisa v. Barnhart*, 367 F.3d at 885 (9th Cir. 2004); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). For example, in September 2009, shortly after the alleged onset date, Dr. Azevedo noted a good range of motion in Plaintiff's back. AR 285. In March of 2011, Plaintiff reported improvement due to chiropractor visits and medication. AR 432. In June of 2011, x-rays of Plaintiff's back showed a normal lumbar spine, normal alignment and results were otherwise mild. AR 441-42.

Significant medical opinion testimony supports a finding that Plaintiff could work. After the alleged onset date of Plaintiff's disability, one of Plaintiff's treating physicians, Dr. Michael Azevedo, stated Plaintiff could work throughout his course of treatment. AR 286, 370, 372, 433. Another of Plaintiff's treating physicians, Dr. Morgan, also encouraged Plaintiff to go back to work. AR 337. *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (finding that a valid specific reason for rejecting plaintiff's excess pain complaints, among others, was doctor's opinion that plaintiff could perform sedentary work). Plaintiff also spoke of being indecicive about going back to work, not because of disability, but, as he explained, "I feel like I don't know what to do—go to school, back to work?" AR 338.

The ALJ also found the several inconsistencies in the record weighed against Plaintiff's reliability as to his subjective complaints. *See* 20 C.F.R. 404.1529(c)(4) (In determining the extent to which your symptoms, such as pain, affect your capacity to perform basic work activities, any inconsistencies in the evidence as well as any conflicts between a claimant's statements and the rest of the evidence will be considered); *Moisa*, 367 F.3d at 885; *Thomas*, 278 F.3d at 958-59. The ALJ noted an inconsistency in Plaintiff's reporting on his filing for Worker's Compensation benefits. AR 21. On December 30, 2009, Plaintiff stated on his application for disability insurance benefits that he had not filed, nor did he intend to file, for Worker's Compensation. AR 194. Yet records from August 19, 2008 and February 19, 2009 show Plaintiff had indeed filed for Workman's Compensation. AR 285-90. Plaintiff also acknowledged that he received training through Workman's Compensation. AR 37. The ALJ noted another inconsistency regarding Plaintiff's bank

account. AR 21. In Plaintiff's application for disability insurance benefits, he stated he did not have a bank account. AR 195. Yet, on his application for supplemental security income, he affirmed he has two bank accounts. AR 189. Additionally, the ALJ pointed out that Plaintiff wrote in his disability report that the longest he could walk before needing to rest is 10 minutes, yet, he later testified at the hearing he could walk for half an hour before needing rest. AR 21, 36, 48, 224. Plaintiff made several inconsistent statements and the ALJ reasonably found that these inconsistencies mitigated against his credibility. AR 21.

In sum, the ALJ cited clear and convincing reasons, supported by substantial evidence in the record, for discounting Plaintiff's subjective symptom testimony.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Jesus Enrique Salas.

IT IS SO ORDERED.

Dated:   **August 21, 2014**             /s/ Barbara A. McAuliffe            
                                      UNITED STATES MAGISTRATE JUDGE